Next, we'll hear Garcia versus Franchi. Good morning, Your Honors. May it please the court, Richard Langone for Mr. Garcia. Can the court hear me? Yes, we can hear you. Thank you. Thank you, Your Honors. All right, Your Honors, I'd like to begin to put to put this this. It's an evidentiary issue in the context of how I believe we think it can resolve itself. The defense lawyer asked the child, V. B, on cross examination. Now, was there a third incident that you told your mom about? He's referring to he had spoke about two incidents concerning a kissing and touching. But now he's going to this third incident with respect to, uh, V. B. Telling her mother whether she told the mother about another incident of rape in the Garcia's daughter, to which the child says, No, those are the only two that I told my mom about. The only two, which is the kissing and the kiss and the touch on the thigh counts. And that's a page. I'm sorry. Page 51. And counsel later is again asked to ensure that he's getting the response he needs. Yes, sir. Those the only two incidents? And she again replies, Yes, we're on habeas review. What is your argument as to why the appellate terms decision was objectively unreasonable? Well, Your Honor, essentially, my position is justice in justice versus Hoke. The excluded evidence was the only source of facts essential to proving the theory of defense. Essentially, in this case, this was a one witness identification case. Zero forensics. Um, let me let me let me phrase it. Did you ask? Did you try and question the mother as to whether her daughter's told her this? Or did you only try and ask the the detective about the mother telling him this? The court would not allow any inquiry into that. No, no. I saw where it would not allow it with respect to the detective testifying about what the mother told him. But did you attempt to question the mother about what the daughter told her? I didn't see that. And that's why I'm asking. Well, I don't believe that was specifically asked of the mother. I do know that. And why I ask that is because it seems to me that in what the daughter told the mother, only the mother could testify to that. The mother could have told the detective any number of things or not told them. It doesn't say anything about what the daughter told the mother. You've got you've got a double hearsay problem here. You may be able to clear one hurdle, but I don't see how you clear the other. Well, the first part of it is, Judge, this was not being offered for the truth. This was not this was this was this was not a hearsay issue. But it was offered for the truth of whether or not the child told the mother. But we have. And the detective is not competent to testify to that. I would respect. If that is where my problem comes in on whether or not the state court ruling was unreasonable in not letting the mother and let the detective testify about what the mother told him. Well, the state court ruling never even addressed that issue. The state court ruling just said that there was sufficient information from from which the defense had an opportunity to impeach and that this additional impeachment would have had no no no no effect on the outcome. And in fact, that's what Judge Kogan finds. And let me let me ask the court and I respectfully it's in a hypothetical sense. What if D.B. had told the mother of the wall incident but then later admitted that was a lie? I'm giving you two scenarios of here how this could have happened and what could have how this could have impacted this case is critically important witness with the fat. Would that have been relevant to the mother? In other words, if the child if the child is initially tells the mother that this happened and then says she lies, this happens right after there's a meeting with with the CPS worker. It's the child's state of mind at the time. If the child is lying, how would that affect the jury's determination about the overall credibility of this person, of D.B.? Now, I'll give you the other scenario that you're on. The issue in this case is the overall credibility of this person. There's no doubt about that. And there's no doubt that there was some plenty of evidence that the person was not all that credible. And I think one can even if one can look behind the fact the notion that this your client was not tried for rape but was tried for much less and got only one year. So that the question of credibility and how credible and how much there was is all over this case. You can't you can't believe that the state if they were fully comfortable would have asked for only what gets to be a year in a situation like this if there weren't problems. But the question for us is none of those. Our question is whether there was enough attack on that credibility so that a trial court, a state, actually state and appeals court could say that this was basically okay. And our position has to be is that so unreasonable that we can overthrow it in the whole context of this. And that's where I I have problems. Yes so so judge the other than the other than the the the child VB who's now she's a teenager at the time she testified there was no evidence other than the so credibility here is essential. When you have a case as close as this, Augers and other cases by this court have indicated that when the evidence is very close even small amounts of additional evidence even impeaching evidence could could tilt the scales. Now you know I want to say something here your honor I didn't get to that if what if VB never told her mother that he raped her on another occasion and the mother told the CPS work of that. What if that were so? Well now judge Raji is saying that he never he never inquired into that area and I respectfully submit that any failure to do so in that regard was because the judge's rulings which were incoherent essentially. They didn't understand the difference between hearsay and admissions and and an offer for a non-truthfulness purpose. But this would directly to the bias of the mother motive of the mother and clearly the CPS worker would know if the mother in fact told her that. This is all contemporaneous right at the time that when when the report is first the child's report is first given to the authorities. The child's state of mind at the time you know falsus innuno, falsus omnibus the the lies on such a critical thing as I never told my mother about anything else. But yet we have we have another allegation of rape. Did this child tell the mother this allegation of rape at the time? The way the rulings went that the evidence rulings went down in this case defense counsel was shut down. He was shut down on this case and I think that you know if we had been allowed to present this this evidence of what was said not for the truth but to show it was untrue that would have gone a long way in the jury's mind of the assessment of the overall credibility of this person. In a case this close you know even the evidentiary rules according to Chambers versus Mississippi have to be relaxed sometimes where you're raising an issue that goes to it's a granular issue. The idea that that the other occasion while another person was in the room and witnessed it is granular. So you know if you if you're lying on to that extent to lie well then what what other extents would you go to to lie? The fact that the district attorney never brought this out they say in their brief now on appeal well well you know who knows if it was true. Well I could I would suspect the court would take a position I hope that the prosecution is not raising this for any purpose at all it's not the truth you don't bring it out at all it's hard to imagine. So when you put the whole case together in light of this case's precedents let's respectfully submit it. There was six or seventy briefings with this young girl not once does any of this stuff come out. So I respectfully urge the court that that it would have made a difference it would have tilted the scales in a very close case like this. You have some time you have some time for rebuttal we'll hear from Mr. Finnerty. Good morning your honor's can you hear me all right? Yes. If it may please the court assistant district attorney Timothy Finnerty on behalf of district attorney Timothy Sini of Suffolk County district attorney for the appellee respondent. Your honors the district court correctly ruled the habeas corpus does not lie for Ruben Garcia because as your honors pointed out the appellate terms rejection of the sole claim here was not contrary to or unreasonable application of clearly established federal law. This is because at trial the victim was extensively and aggressively impeached. This additional impeachment material that counsel attempted to introduce would not have created a reasonable doubt that did not otherwise exist had it been offered to the jury. Given the minimal probative value of this additional impeachment evidence and the vague context upon which the defense attempted to introduce it the trial court was well within its discretion to limit the scope of impeachment and certainly the appellate term was not unreasonable by by giving great deference and wide latitude to the trial courts decision here. And most important the reason why this decision was sound was because in review of the trial record the defense did not have singular separate incident of sexual abuse of which the victim had accused the appellant. It's important to note here that the victim was specifically prepped and trained not to discuss other incidents that she had accused the appellant of for correct reasons so that the people didn't offer propensity evidence against the defendant. The prosecution instead offered evidence directly related to the crime at hand the crime that was on trial. Now had the trial court instead allowed this evidence we would have had the most classic trial within a trial take place in this case and the judge expressed great concern with regards to this that she did not want to mislead the jurors or confuse the issues here. The trial judge properly ruled that the probative value of this information was substantially outweighed by the danger of misleading the jury or confusing the issues at hands. The deliberating jurors would have had been required to determine. Was there counsel was there any other evidence impeaching this now 16 year old that went directly to her claiming that she had been raped another time where it was unlikely that she was raped. Was there any other evidence to that specific point impeaching her or was it just general impeachment evidence. There wasn't your honor it was general impeachment evidence and part of the reason why the trial court's ruling was sound was because the defense attorney did a lackluster and bare-bones attempt to bring this information in perhaps. No the reason I'm asking is because it doesn't seem to me that talking cumulative is the right way of putting it if it is impeachment this is somebody who generally tells tales and if it is impeachment on a thing which is specifically involved in this. Now unfortunately that doesn't answer my question of the ADPA because ADPA is a very tough standard but the idea that this is just some more to me on the record. I understand your honor I think it's important to note is that if you if you if you actually read the trial record trial counsel was not attempting necessarily to establish a pattern of falsity but more that he was trying to establish that the complainant was inconsistent with her testimony as to which instance she had reported to whom and when. So in order to suggest that she testified falsely I mean that's correct. Now let me ask you the victim is asked whether she reported any other incident and she testifies no only the two. Was the mother who I believe was on the stand asked whether the child had told her of any other incidents beyond the two? She was not your honor. I didn't see that. She was not. Instead So instead the attempt was to ask the detective what the mother had told him right? That's correct. And I'm not sure I see how that impeaches the child except to draw an inference that well if the mother told the detective the child must have told the mother but that's not a permissible inference I don't think. That's correct your honor and additionally you were correct in noting earlier that this also creates a classic double hearsay situation. Had counsel instead tried to impeach the complainant in a different method perhaps where the complainant adamantly denied making the separate allegation you know something of more concrete definitive. I mean if they had asked the mother how many incidents did your daughter tell you about that would have been permissible? Perhaps your honor yes and unfortunately that's not the situation here. Even then that could be a close call for the trial judge but unfortunately the defense counsel never never stepped to that level here. Instead defense counsel merely asked the mother isn't true that you accurately reported everything told to you to the CPS caseworker and that was the extent of it in terms of questioning of the mother. And when counsel was cross-examining the to obtain inconsistencies out of the complainant. At one point the victim even candidly said you know what I don't even recall what I told the detective. You know she had wafered back and forth as to the amounts or the amount of incidents that she reported to whom and when. So ultimately counsel had achieved the goal of that of that form of impeachment but counsel wished to take it one step further and because of the manner in which the defense attempted to determine to preclude it because of how easily it could have prejudiced either side either side of the case here. You know this is technically a potential propensity evidence if the jury ends up not believing the defense that this new allegation comes into play. Does this mean the defendant committed both sexual assaults? We don't know. And additionally it will prejudice the people's case because now you're asking the jurors to deliberate and consider whether this other subject incident actually took place or not. And certainly that could cause a conglomeration of issues and confusion. Ultimately like I said this would have created a classic trial within a trial. Because the victim was so specifically prepared to only testify about the subject matter of sexual abuse and that has to be taken into context when we're reviewing her answers. The prosecution would have felt compelled to then seek to have her recalled as a rebuttal witness to answer for that other allegation of sexual abuse. It's not like she ever denied making it. There was never any evidence to suggest that it happened or didn't happen. So ultimately at the end of the day the defense had achieved its goal in highlighting inconsistencies in the complainants testimony. And more importantly is that during summations trial counsel really hammered it home. Now ultimately the jurors were apprised of these very issues when they were deliberating. That this victim was wavering back and forth. That she didn't seem so clear as to which instance she reported to who and when. So as such ultimately this additional testimony would not have created a reasonable doubt that did not otherwise exist. When considering appellants claim in this context and in review of the specific record on appeal here. It just simply cannot be said that the appellate terms ruling was an unreasonable application of clearly established federal law. And the District Court Judge Kogan aptly pointed out preclusion of impeachment evidence rarely rises to the level of constitutional error. And I submit that given the record before your honors the District Court's ruling was proper in all respects. And that the petition was properly denied. And simply Habeas Corpus just does not lie here for Ruben Garcia. If your honors don't have any further questions I thank you for the time and I rely on my papers. Thank you Mr. Langone. You have two minutes for rebuttal. Thank you thank you your honor. First of all defense counsel was trying to prove a pattern of false allegations. That was in the in the rubbing incident and the kissing incident where the trial lawyer would not with the trial judge would not allow defense counsel to bring out from the detective that VB never told him about those incidents. That did not come out. The false rape incident the wall incident was another incident that would have established more of a pattern of false allegations of sexual misconduct against this defendant. The complainant did deny making further allegations. I just went over it. She was very specific. Two. I told my mom about two. Was there any more? No. It was two. So the and on top of that lies here. Bias is never collateral. We could tell him this is a collateral matter though. The bias of this child. Now defense counsel made a made a mistake. He should have done it through the mother. I get it. He tried to do it another way. The trial court was aware of what the defense was trying to prove and and what the what the theory of defense was. The relationship of a mother and child is is so is so special. You that the things that the mother is saying you have to assume are are being communicated in some way are to the child. They live in the house together. My point to this judge is we don't have a fulsome record of really what the impeachment could have been because there was such severe limitations on the right to cross examination on the right to cross presented defense that that had this evidence been presented. It could have been further developed. We never had an opportunity to do that. And and and it could have the jury could have in in in the spirit of false assertion or false is omnibus said, you know what? This creates reasonable doubt. This is too close. This is too close to base a conviction on. Uh, so for all those reasons, your honor, I respectfully submit that the decision of the state appellate court was an unreasonable interpretation of clearly established Supreme Court precedent. Uh, and this should grant the right. Thank you. Your honor. Thank you. Both. The court will reserve decision.